NO. 07-08-0400-CR
NO. 07-08-0401-CR
NO. 07-08-0402-CR
NO. 07-08-0403-CR
NO. 07-08-0404-CR
NO. 07-08-0405-CR
NO. 07-08-0406-CR
NO. 07-08-0407-CR
NO. 07-08-0408-CR
NO. 07-08-0409-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JANUARY 27, 2009

_____

ILDEFONSO SANTIAGO MARTINEZ,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;
NOS. 56,136-C, 57,334-C, 57,335-C, 57,336-C, 57,337-C,
57,338-C, 57,339-C, 57,340-C, 57,341-C and 57,342-C;
HON. ANA ESTEVEZ, PRESIDING

_____

*MEMORANDUM OPINION*

_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

After a jury trial, appellant Ildefonso Santiago Martinez was convicted of eight counts of aggravated sexual assault and two counts of indecency with a child. Punishment was assessed by the jury at life imprisonment for each count of aggravated sexual assault and twenty years imprisonment for each count of indecency with a child with the sentences to run consecutively.

Appellant's appointed counsel has filed motions to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that appellant's appeals are without merit. Along with his brief, he has provided a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible error and of appellant's right to file a response *pro se.* By letter dated December 12, 2008, this court also notified appellant of his right to file a response by January 12, 2009, if he wished to do so. To date, we have received neither a response nor a request for extension of time to file one.

In compliance with the principles enunciated in *Anders*, appellate counsel discussed various phases of the trial including pre-trial and voir dire, the guilt/innocence phase, the charge conference and the court's charge, final arguments on guilt/innocence, and the punishment phase. In doing so, he analyzed why he perceived there to be no reversible error during each phase. He also discussed whether the evidence was sufficient to support the verdicts and whether the stacking of appellant's sentences constituted cruel and unusual punishment, but again he concluded there was no reversible error. Thereafter, we conducted our own review of the record to assess the accuracy of appellate counsel's

---

[1] *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

conclusions and to uncover any reversible error pursuant to *Stafford v. State,* 813 S.W.2d

503 (Tex. Crim. App. 1991) and concluded the same.

Accordingly, the motions to withdraw are granted, and the judgments are affirmed.


Brian Quinn
Chief Justice


Do not publish.